UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ANTHONY JONES,

    Plaintiff,

    v.                                Case No. 2:16-CV-13748
                                    Honorable Arthur J. Tarnow
WAYNE COUNTY,                United States District Judge

    Defendant,
_____/

## OPINION AND ORDER DENYING APPLICATION TO PROCEED WITHOUT PREPAYMENT OF FEES AND COSTS AND DISMISSING COMPLAINT WITHOUT PREJUDICE

This matter is before the Court on the plaintiff Anthony Jones' *pro se* civil rights complaint filed pursuant to 42 U.S.C. § 1983. Plaintiff is an inmate confined at the Gus Harrison Correctional Facility in Adrian, Michigan. Upon review of plaintiff's case and his litigation history in the federal courts, this Court concludes that his case must be dismissed without prejudice pursuant to 28 U.S.C. § 1915(g).

Title 28 U.S.C. § 1914(a) provides that "[t]he clerk of each district court shall require the parties instituting any civil action, suit or proceeding in such court, whether by original process, removal or otherwise, to pay a filing fee of $350 ...." *See also Owens v. Keeling,* 461 F. 3d 763, 773 (6th Cir. 2006). Plaintiff failed to provide the $350.00 filing fee, plus a $ 50.00 administrative fee when he filed his complaint.

1

The Prisoner Litigation Reform Act of 1995 (PLRA) states that "if a prisoner brings a civil action or files an appeal *in forma pauperis*, the prisoner shall be required to pay the full amount of a filing fee." 28 U.S.C. § 1915(b)(1)(as amended). *See also In Re Prison Litigation Reform Act,* 105 F. 3d 1131, 1138 (6th Cir. 1997).  The *in forma pauperis* statute, 28 U.S.C. § 1915(a), provides prisoners the opportunity to make a "downpayment" of a partial filing fee and pay the remainder in installments. *See Miller v. Campbell,* 108 F. Supp. 2d 960, 962 (W.D. Tenn. 2000).

A review of federal court records indicates that plaintiff has at least eleven prior civil rights complaints that have been dismissed by federal courts for being frivolous, malicious, or for failing to state a claim upon which relief could be granted. *See Jones v. Bush, et. al.,* No. 2:06-cv-66 (W.D. Mich. Apr. 11, 2006); *Jones v. McGinnis*, No. 96-cv-34 (W.D. Mich. Apr. 25, 1996); *Jones v. McGinnis*, No. 95-cv-550 (W.D. Mich. Oct. 3, 1995); *Jones v. Hinds*, No. 95-cv-113 (W.D. Mich. July 5, 1995); *Jones v. Caruso*, No. 95-cv-60 (W.D. Mich. Oct. 11, 1995); *Jones v. MDOC*, No. 94-cv-194 (W.D. Mich. Feb. 10, 1995); *Jones v. MDOC - Psychologist Services*, No. 94-cv-193 (W.D. Mich. Feb. 6, 1995); *Jones v. MDOC Hearings Division*, No. 94-cv-192 (W.D. Mich. Feb. 8, 1995); *Jones v. Alger,* No. 93-cv-00057 (W.D. Mich. Mar. 26, 1993); *Jones v. Chartrand,* No. 92-cv-00219 (W.D. Mich. Dec. 28, 1992); *Jones v. Stine,* No. 92-cv-00204 (W.D. Mich. Oct. 22, 1992).

In addition, plaintiff has twice been denied leave to proceed *in forma pauperis* under 28 U.S.C. § 1915(g), the "three-strikes" rule, based on these prior dismissals. *See Jones v. Sherry, et. al.,* U.S.D.C. No. 2:06-cv-00182 (W.D. Mich. Dec. 12, 2006); *Jones v. City of Detroit,* No. 03-cv-74579 (E.D. Mich. Dec. 1, 2003).

Under the PLRA, a federal court may dismiss a case if, on 3 or more previous occasions, a federal court dismissed the incarcerated plaintiff's action because it was frivolous or malicious or failed to state a claim for which relief may be granted. *See*, 28 U.S.C. § 1915(g) (1996); *Thaddeus-X v. Blatter*, 175 F. 3d 378, 400 (6th Cir. 1999); *Witzke v. Hiller,* 966 F. Supp. 538, 540 (E.D. Mich. 1997). The three strikes provision of the PLRA prohibits a prisoner, who has had three prior suits dismissed for being frivolous, from proceeding *in forma pauperis* in a civil rights suit absent an allegation that the prisoner is in imminent danger of serious physical injury. *See Clemons v. Young,* 240 F. Supp. 2d 639, 641 (E.D. Mich. 2003). A federal district court may *sua sponte* raise the three strikes provision of the PLRA on its own initiative. *Witzke,* 966 F. Supp. at 539.

Plaintiff has at least eleven prior civil rights complaints which were dismissed for being frivolous, malicious, or failing to state a claim upon which relief could be granted. In addition, plaintiff has subsequently been informed at least twice by other judges that he was precluded from proceeding *in forma pauperis* in these other civil rights actions pursuant to § 1915(g) because of these

3

prior dismissals.

Moreover, plaintiff has not alleged any facts which would establish that he is in imminent danger of serious physical injury, and thus, he does not come within the exception to the mandate of 28 U.S.C.§ 1915(g), which prohibits him from proceeding *in forma pauperis* in light of his eleven prior frivolity dismissals. *Mulazim v. Michigan Dept. of Corrections,* 28 F. App'x. 470, 472 (6th Cir. 2002). Although plaintiff alleges in his lawsuit that the Wayne County Prosecutor falsely prosecuted him for several criminal charges for which he was acquitted, in order to come within the "imminent danger" exception contained in 28 U.S.C.§ 1915(g), a prisoner must show that "the threat or prison condition 'must be real and proximate' and the danger of serious physical injury must exist at the time the complaint is filed." *Rittner v. Kinder,* 290 F. App'x. 796, 797 (6th Cir. 2008). Assertions of past danger will not satisfy the imminent danger exception. *See Pointer v. Wilkinson*, 502 F.3d 369, 371, n. 1 (6th Cir. 2007); *Rittner,* 290 F. App'x. at 797. The imminent danger exception to the "three strikes" provision of § 1915(g) requires that the imminent danger be contemporaneous with the complaint's filing. *See Vandiver v. Vasbinder,* 416 F. App'x. 560, 562 (6th Cir. 2011). Plaintiff's allegations fail to show that there is any imminent danger that is contemporaneous with the filing of this complaint.

Plaintiff's civil rights complaint is therefore subject to dismissal pursuant to § 1915(g). Plaintiff may, however, resume any of the claims dismissed under §

4

1915(g) if he decides to pay the filing fee under the fee provisions of 28 U.S.C. § 1914. *Witzke,* 966 F. Supp. at 540.

## ORDER

IT IS HEREBY **ORDERED** that plaintiff's *in forma pauperis* status is **DENIED** and the complaint [Dkt. # 1] is **DISMISSED WITHOUT PREJUDICE** pursuant to 28 U.S.C. § 1915(g).

        S/Arthur J. Tarnow_____
        Arthur J. Tarnow
        Senior United States District Judge

Dated:  November 1, 2016

I hereby certify that a copy of the foregoing document was served upon parties/counsel of record on November 1, 2016, by electronic and/or ordinary mail.

        S/Catherine A. Pickles_____
        Judicial Assistant